UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MUHARREM BALKANLI, WE THE PEOPLE OF MIAMI CORRECTIONAL FACILITY & BUFFALO DETENTION FEDERAL DETENTION CENTERS OF NATIONWIDE USA,<br><br>　　　　Petitioners,<br><br>　　v.<br><br>DONALD J TRUMP, KRISTI NOEM, US DHS, US ICE, MIAMI CORRECTIONAL FACILITY, BUFFALO FEDERAL DETENTION FACILITY, ALL OTHER DETENTION FACILITIES IN NATION OF USA,<br><br>　　　　Respondents. | CAUSE NO. 3:26cv366 DRL-SJF |

ORDER

Immigration detainee Muharrem Balkanli filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, and purports to bring it as a class action on behalf of other immigration detainees at Miami Correctional Facility, allegedly held on void or forged warrants or removal orders. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

This case cannot proceed as a class action. This case would not be certified as a class action because one requirement for class certification is that the class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Mr. Balkanli,

a *pro se* litigant, is not an adequate class representative. *See Howard v. Pollard*, No. 15-8025, 2015 WL 9466233 (7th Cir. Dec. 29, 2015).

Therefore, the court will construe the petition as one applying only to Mr. Balkanli. Much of the petition contains irrelevant allegations and inappropriate language. Setting those aside, the court construes the petition to allege Mr. Balkanli's detention is unlawful on the basis:

> that all this US DHS, US ICE warrants, NTA, pending charges, and removal orders are perjury, forgery, fraud and that all warrants are not judicial warrants, are fraud, forgery, period.

ECF 1 at 6. He alleges all the dockets at the Indianapolis Immigration Court are void.

This court is without jurisdiction in habeas to review the adequacy of any notice to appear, pending charges, or removal orders because the Immigration and Nationality Act (INA) directs that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). The INA further establishes that judicial review of a final order must occur in "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5).

What remains is Mr. Balkanli's allegation that his detention is invalid because he was not arrested pursuant to a judicial warrant and because the administrative warrant was fraudulent. In the immigration context, the use of administrative warrants in removal proceedings is constitutionally permissible. *See Abel v. United States*, 362 U.S. 217, 232-34 (1960); *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1386 (10th Cir. 1981). Finally,

Mr. Balkanli does not provide any factual basis in support of his assertion that the administrative warrant for his arrest was fraudulent. But even if there were some defect in the administrative warrant used to arrest him, that would not be a basis for habeas relief. *See Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) ("In the criminal law, if there is probable cause to hold an accused he cannot gain his freedom by showing that the arrest was illegal, although he may be able to suppress at his trial evidence seized as an incident to his arrest. This court has applied the same principle, distinguishing illegal arrest from illegal detention, in deportation cases."); *see also I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."). Mr. Balkanli's petition does not provide a basis for relief.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE We the People of Miami Correctional Facility & Buffalo Detention Federal Detention Centers of Nationwide USA;

(2) DISMISSES for lack of jurisdiction the claims relating to the adequacy of any Notice to Appear, pending charges, or removal orders; and

(3) DENIES the petition (ECF 1) and DIRECTS the clerk to close this case.

SO ORDERED.

May 15, 2026                          *s/ Damon R. Leichty*
                                      Judge, United States District Court